## MARY C. NICHOLS v. HER HUSBAND.

The wife, separated from bed and board, has no need, in any case, of the authorization of her husband. She may make all contracts not prohibited to her, as if she were unmarried. It is, therefore, perfectly competent for her to make a compromise with her husband respecting the property which each party is to retain.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Eggleston*, for plaintiff. *Cohen*, and *Benjamin* and *Micou*, for defendant.

By the court :

ROST, J. By the judgment which decreed a separation from bed and board between the plaintiff and the defendant, the parties were referred to a notary to make a partition of the community property ; but, instead of going through all the

forms of a judicial partition, they made a compromise, by which each of the parties retained a portion of their property, and renounced their rights on the other portion.

The plaintiff sues to avoid this compromise, on the ground of error and fraud, alleging that her husband concealed from her a large portion of the property of the community, and she was induced, by that artifice, to compromise as she did. She called upon her husband to answer interrogatories, and, among others, whether the property embraced in the act of compromise contained all the community property; the answer was: "It does, every fraction."

There is no evidence in the record beyond the answers of the plaintiff to the interrogatories, and the judgment of the district court upon them was, that the rights of the parties be considered as settled by the former judgment and act of compromise. The plaintiff has appealed.

The ground of fraud upon which alone the action rests, is conclusively disproved, but the want of capacity of the plaintiff to make a compromise with her husband in such a case as this, is urged, for the first time on the appeal, as a sufficient ground for the reversal of the judgment.

The irregularity of this mode of proceeding is obvious; but this objection to it may be waived in this instance, the ground taken being clearly untenable.

The woman, separated from bed and board, has no need in any case of the authorization of her husband. See acts 1826, p. 162, sec. 2. She may make all contracts not prohibited to her, as if she were unmarried. The contract entered into in this case, so far from being one of those prohibited, is expressly authorized. Art. 2421 of our Code is a literal copy of art. 1595 of the Napoleon Code; and here, as in France, the first paragraph of that article which authorizes one of the spouses to make a transfer of property to the other who is judicially separated from him or her, in payment of his or her rights, includes community right. See Toullier, vol. 2, tit. 6, No. 675. Ibid. vol. 13, tit. 5, No. 19.

Under art. 1304 of the Code, the rules for the partitions of successions, with the exception of that which relates to collation, are applicable to partitions of community property, whether the community has been dissolved by death or by judicial separation; and the first of those rules is, that when all the parties are of age, and present, or represented, the partition may be made in such form and by such an act as the parties interested agree upon. C. C. 1245.

. The form of settlement adopted by the parties, was authorized by law, and as the good faith of the defendant in making it has not been successfully impeached, the judgment must be affirmed.

Judgment affirmed, the appellant paying the costs of this appeal.